RESOLUTION TRUST CORPORATION,
Petitioner,

v.

John C. ADAMS, W.R. McCain, Hutson E.
McCorkle, D.D.S., Paul S. Mears, Sr.,
William E. Owens, Solomon F. Schick,
Robert M. Vickery, and Mark B. Borse-
rine, Respondents.

Misc. No. 92–492 SSH.

United States District Court,
District of Columbia.

Oct. 21, 1994.

Paul M. Laurenza, Pettit & Martin, Wash-
ington, DC, for petitioner.

David R. Kuney, David & Hagner, Wash-
ington, DC, for respondents.

*MEMORANDUM ORDER*

STANLEY S. HARRIS, District Judge.

On March 22, 1994, the Court of Appeals
issued its opinion in the appeal of this
Court's January 15, 1993, Order enforcing
the Resolution Trust Corporation's ("RTC")
administrative subpoenas *duces tecum. RTC
v. Walde,* 18 F.3d 943 (D.C.Cir.1994). On
June 7, 1994, the Court of Appeals issued its
mandate remanding this case for further pro-
ceedings in accordance with its opinion,

which instructed this Court "to review the information sought by the RTC and to withhold enforcement as to any information that is not relevant to the lawful purposes of its orders of investigation." *Id.* at 950; *RTC v. Schick and Adams,* Nos. 93–5010 and 93–5011 (D.C.Cir.Order June 7, 1994).

This matter comes before the Court on the RTC's Amended Petition for Summary Enforcement of the Administrative Subpoenas *Duces Tecum* ("Amended Petition"), respondents' responses thereto,[1] and the RTC's replies. Upon consideration of the entire record, the Court grants the Amended Petition for Summary Enforcement.

The August 9, 1992, RTC Order of Investigation issued in the investigation of American Pioneer Savings Bank ("American Pioneer") stated that the purposes of the investigation were:

> ... to determine whether (1) former directors and officers and others who provided services to, or otherwise dealt with, American Pioneer Savings Bank, or its successors, may be liable as a result of any actions, or failures to act, in connection with or which may have affected American Pioneer Savings Bank, or its successors; (2) pursuit of such litigation would be cost-effective, considering the extent of the potential defendant's ability to pay a judgment in any such litigation; (3) the RTC should seek to avoid a transfer of any interests or an incurrence of any obligations; and (4) the RTC should seek an attachment of assets.

RTC's Amended Petition, Exhibit 3.

The relevant subpoenas were issued on August 12, 1992. The RTC seeks documents relating to respondents' personal financial information,[2] specifically, documents indicating respondents':

> a. income, assets, and net worth for the years 1990–1991 (including financial statements, statements of net worth, complete

tax returns, bank statements, investment records, and/or trust documents);

> b. interests in any real property or any personal property valued $5,000 or more;

> c. trusts, if any, and assets of trusts (in which respondents or their relatives have a beneficiary interest or otherwise reactive distributions) having assets, or interests in assets, of $5,000 or more;

> d. interests in any corporation, partnership, joint venture, closely-held corporation or other entity that has assets, or interests in assets, of $5,000 or more;

> e. transfer or other disposition, from January 1, 1985, to the present of certain listed assets.

*See* RTC's Amended Petition, Exhibits 6, 13. The RTC and respondents Adams, McCain, McCorkle, Mears, Vickery, and Borserine agree that the subpoenas should be construed to limit request (3) as follows:

> (1) Subpart (a) applies only to income, assets, and net worth for the years 1990 and 1991;

> (2) Subparts (b)–(d) apply only to current assets or interests;

> (3) Subparts (a)–(d) do not seek information pertaining to asset purchases or acquisitions; and

> (4) The time period covered by subpart (e) extends from: July 31, 1986, to the present as to respondent Adams; from April 1, 1988, to the present as to respondent Borserine; and from January 1, 1985, to the present as to the remaining respondents.

*See* Response of Respondents Adams, McCain, McCorkle, Mears, Vickery, and Borserine to RTC's Amended Petition (filed Aug. 24, 1994); RTC's Reply (filed Sept. 6, 1994).[3]

The Court finds that each category of information sought is reasonably relevant to the RTC's purpose of investigating respondents' potential liability (requests 3(a),

---

1. All respondents filed a response except for Owens.

2. Requests (1) and (2) are not at issue in this case. *See* RTC's Amended Petition at 6, 8 (referring to Exhibits 5 and 12).

3. Although respondents Owens and Schick do not join in this agreement, the Court applies this interpretation of the subpoenas (all of which are virtually identical) to the subpoenas issued to Owens and Schick as well.

(b), (c), and (d)), or the RTC's purpose of investigating the need for avoidance of asset transfers and/or attachment of assets (requests 3(a), (c), (d), and (e)). Contrary to respondent Schick's contentions, investigation for these particular purposes does not require the RTC to show an articulable suspicion of respondents' liability. *See Walde*, 18 F.3d at 947. This showing is required only where the RTC subpoenas personal financial information for the sole purpose of assessing the cost-effectiveness of litigation against a respondent. *See id.* at 948–49. Therefore, the subpoenas are enforceable as to these document specifications without regard to any RTC showing of articulable suspicion of respondents' liability.[4]

Accordingly, it hereby is

ORDERED, that the RTC's Amended Petition for Summary Enforcement of the Administrative Subpoenas *Duces Tecum*, as limited by this Order, is granted. It hereby further is

ORDERED, that John C. Adams shall comply immediately with the administrative subpoena *duces tecum* issued by the RTC on August 12, 1992, and served upon Adams, in the RTC's investigation relating to American Pioneer Savings Bank, of Orlando, Florida. It hereby further is

ORDERED, that W.R. McCain shall comply immediately with the administrative subpoena *duces tecum* issued by the RTC on August 12, 1992, and served upon McCain, in the RTC's investigation relating to American Pioneer Savings Bank, of Orlando, Florida. It hereby further is

ORDERED, that Hutson E. McCorkle shall comply immediately with the administrative subpoena *duces tecum* issued by the RTC on August 12, 1992, and served upon McCorkle, in the RTC's investigation relating to American Pioneer Savings Bank, of Orlando, Florida. It hereby further is

ORDERED, that Paul S. Mears, Sr. shall comply immediately with the administrative subpoena *duces tecum* issued by the RTC on August 12, 1992, and served upon Mears in the RTC's investigation relating to American Pioneer Savings Bank, of Orlando, Florida. It hereby further is

ORDERED, that William E. Owens shall comply immediately with the administrative subpoena *duces tecum* issued by the RTC on August 12, 1992, and served upon Owens in the RTC's investigation relating to American Pioneer Savings Bank, of Orlando, Florida. It hereby further is

ORDERED, that Solomon F. Schick shall comply immediately with the administrative subpoena *duces tecum* issued by the RTC on August 12, 1992, and served upon Schick in the RTC's investigation relating to American Pioneer Savings Bank, of Orlando, Florida. It hereby further is

ORDERED, that Robert M. Vickery shall comply immediately with the administrative subpoena *duces tecum* issued by the RTC on August 12, 1992, and served upon Vickery in the RTC's investigation relating to American Pioneer Savings Bank, of Orlando, Florida. It hereby further is .

ORDERED, that Mark B. Borserine shall comply immediately with the administrative

---

4. Assuming *arguendo* that some of the subpoenaed documents are relevant solely to assess the cost-effectiveness of litigation against respondents, the Court finds that the subpoeans would still be enforceable because the RTC has shown that it has an articulable suspicion that respondents may be liable to the RTC. Jon A. Stewart, an RTC attorney overseeing the investigation of American Pioneer, has submitted an affidavit stating that, based on extensive analysis of American Pioneer records, it appears that:

[A]s directors of American Pioneer, the respondents improperly assented to the improper payment of preferred dividends of approximately $8 million to themselves, to other directors and to officers as the majority shareholders of the preferred stock, out of paid in capital of the institution. These dividend payments were made at a time when the institution had "impaired" capital and was losing millions of dollars, and constituted a conflict of interest and breach of fiduciary duty since no dividends were declared to common shareholders during the same period. The dividends were also illegal under Florida banking law which restricted the payment of dividends to earned surplus of the institution.

Second Declaration of Jon A. Stewart (filed Aug. 10, 1994). This affidavit establishes articulable suspicion of respondents' liability. *See Walde*, 18 F.3d at 949 (noting that where records of a failed institution show a questionable payment involving the subpoenaed party, reasonable suspicion of liability exists).

subpoena *duces tecum* issued by the RTC on August 12, 1992, and served upon Borserine in the RTC's investigation relating to American Pioneer Savings Bank, of Orlando, Florida.

SO ORDERED.